IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS MARINGO (#A-79483831), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2367 |
| | § | |
| OFFICER EDWIN BARNES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

The plaintiff, Denis Maringo (#A-79483831), is currently in custody of United States Immigration and Customs Enforcement ("ICE") officials at a local detention center, awaiting his removal from the United States. Maringo is *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing the complaint and the plaintiff's litigation history in this district, the Court concludes that this case must be dismissed for reasons set forth briefly below.

The complaint filed by Maringo in this instance purports to sue deportation officers Barnes and Doakes, along with other defendants, under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671-80, for civil rights violations that allegedly occurred on or about July 3, 2007. Maringo alleges that these officers have verbally harassed him, that they have libeled and slandered him, and that they have ridiculed him. In addition, Maringo claims that the officers have formed a corrupt conspiracy to obstruct justice. Invoking the Racketeer

Influenced and Corrupt Organizations ("RICO") statute, Maringo contends that the defendants have attempted to coerce him to sign deportation papers. In the furtherance of this conspiracy, Officer Doakes reportedly gave Maringo "a brand new ICE pen" with which to sign his deportation papers. Maringo explains that this new pen, which is a piece of government property, forms the basis of the "extortion, obstruction of justice and bribery claims" lodged in his complaint. Maringo seeks injunctive and declaratory relief, as well as punitive and compensatory damages. He also asks the Court to enter a declaratory judgment holding that his removal "would be inappropriate" and ordering administrative officials to reopen his asylum proceeding or to grant his motion to reopen that proceeding.

Where a party proceeds *in forma pauperis*, a reviewing court may dismiss a case "at any time" if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Prior to filing this case, at least four complaints filed by Maringo have been dismissed under this provision as frivolous, malicious, or for failure to state a claim. *See Maringo v. Gonzales*, Civil No. H-06-3385 (S.D. Tex. Nov. 28, 2006); *Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23, 2007); *Maringo v. Dep't of Homeland Security*, Civil No. H-07-1878 (S.D. Tex. June 21, 2007); *Maringo v. Dep't of Justice*, Civil No. H-07-2212 (S.D. Tex. July 17, 2007). Two of those dismissals were entered in cases filed after Maringo was warned on February 23, 2007, that sanctions would result if he continued to file meritless complaints and petitions in the federal courts. *See Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23,

2007). Although Maringo is not a prisoner who is currently in custody as the result of a criminal judgment for purposes of the three-strikes rule found in 28 U.S.C. § 1915(g), it is well established that *pro se* status does not give any plaintiff the license to file meritless claims. *See Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (A litigant's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets.").

Courts have a responsibility to refuse abusive complaints in non-criminal matters and need not grant *in forma pauperis* status if doing so will result in a waste of judicial resources. *See Day v. Day*, 510 U.S. 1 (1993) (per curiam); *see also In re McDonald*, 489 U.S. 180, 183-85 (1989); *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277-78 (S.D. Tex. 1995) (recognizing the inherent authority of courts to prevent frivolous filings). As noted above, Maringo has filed frivolous and malicious complaints after he was warned that sanctions would result. In light of Maringo's litigation history, the Court declines to grant his motion for leave to proceed *in forma pauperis*.

Alternatively, the Court finds that he is not entitled to proceed *in forma pauperis* because the complaint in this case fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To the extent that Maringo requests a declaratory judgment regarding the propriety of his removal order, this Court lacks jurisdiction under the REAL ID Act. *See* 8 U.S.C. § 1252(a)(5). With regard to the rest of his claims, Maringo concedes in his complaint that he has not attempted to exhaust available administrative remedies at the

detention facility by filing an administrative grievance against the officers in question. It is further apparent from the pleadings that Maringo has not attempted to exhaust his remedies as required before pursuing relief under the FTCA. 28 U.S.C. § 2675(a). Accordingly, the remainder of his complaint is subject to dismissal without prejudice as premature.

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* in this case (Doc. # 2), his motion for a waiver of service (Doc. # 3), and his motion for a temporary restraining order (Doc. # 4) are **DENIED**.

2. This case is **DISMISSED** without prejudice.

3. With the exception of the plaintiff's challenge to his removal order, over which this Court lacks jurisdiction, the plaintiff may resume this case within thirty days from the date that he has exhausted his administrative remedies by filing a motion to reinstate.

4. Because the Court concludes that the plaintiff is no longer entitled to proceed *in forma pauperis* as the result of his record of filing frivolous complaints, any future motions or pleadings filed by the plaintiff in this case must be accompanied by the full amount of the filing fee ($350.00).

The Clerk will provide a copy of this *Order of Dismissal* to the petitioner.

SIGNED at Houston, Texas, on <u>July 25</u>, 2007.

_____
Nancy F. Atlas
United States District Judge